835 F.2d 875
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
TRANSAMERICA INSURANCE COMPANY, a corporation, Plaintiff-Appellee,
v.
Helen ARBOGAST, Administratrix of the Estate of Don H.
Arbogast, deceased, Defendant-Appellant.
 No. 87-2610.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 2, 1987.
Decided Dec. 10, 1987.
 
 James Charles Peterson (R. Edison Hill; Hill & Peterson, on brief), for appellant.
 Michael Bonasso (Michele Grinberg; Edward C. Martin; Kay, Casto & Chaney, on brief), for appellee.
 Before CHAPMAN and WILKINSON, Circuit Judges, and TERRENCE WILLIAM BOYLE, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 This is an appeal of a declaratory judgment action brought to determine the insurance coverage of Don Arbogast, who was killed in a 1985 motorcycle accident. In 1984, Arbogast purchased from Transamerica Insurance Company an insurance policy covering his 1979 Ford. That policy provided underinsured motorist coverage of $100,000. It did not cover his motorcycle, and in 1985 Arbogast purchased from another carrier a separate motorcycle liability policy, in which he waived underinsured motorist coverage.
 
 
 2
 Arbogast's widow received a settlement from the insurer of the driver of the car which struck her husband. She then sought payment under the underinsured motorist provision of her husband's Transamerica policy. Transamerica denied payment on the basis of a clause which excluded from underinsured motorist coverage any injury sustained by Arbogast while occupying a vehicle not covered by the policy. Mrs. Arbogast does not contend that the motorcycle was covered by the Transamerica policy, but argues that Transamerica owes coverage because this exclusionary clause is contrary to West Virginia public policy and therefore void. The district court granted Transamerica's motion for summary judgment.
 
 
 3
 The district court held that the exclusionary clause did not violate West Virginia's public policy because under West Virginia law underinsured motorist coverage is not mandatory and carriers may write automobile insurance policies with exclusions commensurate with risks involved and premiums charged. W.Va.Code Sec. 33-6-31 (1987 Cum.Supp.). Finding no error in its ruling, we affirm the judgment of the district court for the reasons stated in its thoughtful memorandum opinion. Transamerica Insurance Co. v. Arbogast, Civ. No. 85-0246-E(K) (N.D.W.Va. June 9, 1987).
 
 
 4
 AFFIRMED.